UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY L. HYDE and KEVIN B. HYDE,

    Plaintiffs,

v.                                Case No.: 2:23-cv-1187-SPC-NPM

PROGRESSIVE AMERICAN INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court are Plaintiffs Nancy and Kevin Hyde's Amended Motion to Remand (Doc. 13), and Defendant Progressive American Insurance Company's opposition (Doc. 16). For the below reasons, the Court denies the motion.

## BACKGROUND

Plaintiffs sued Defendant in state court on March 20, 2023,[1] for uninsured/underinsured motorist benefits. The next week, Defendant responded to Nancy Hyde's insurance claim and offered her $45,000 to settle. (Doc. 13-3). Two months later, Defendant responded to Kevin Hyde's claim

---

[1] Unless otherwise noted, all dates referenced happened in 2023.

1

and offered him $100,000 to settle. (Doc. 13-2). Rather than settle, Plaintiffs continued with litigation in state court.

On July 20, Plaintiffs filed an Amended Complaint. Three months later, Defendant answered and served discovery requests. On November 17, Plaintiffs dropped the sole non-diverse defendant. Three days later, Defendant filed proposals for settlement under Florida Statute § 768.79 and Florida Rule of Civil Procedure 1.442.[2] (Doc. 1-4). It followed up with requests for medical examinations and deposition notices. Within a few weeks, Plaintiffs responded to Defendant's discovery requests, which led to Defendant removing the case on December 13. (Doc. 1). Plaintiffs now move to remand arguing that Defendant waived its right to removal.

A defendant may remove a case from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases with complete diversity of the parties and an amount in controversy over $75,000. 28 U.S.C. § 1332(a).

Once a case gets removed, the opposing party may move to remand based on any defect with the removal. 28 U.S.C. § 1447(c). One defect is a defendant waiving its right to removal when it litigates the merits in state court: "A state court defendant may lose or waive the right to remove a case to a federal court

---

[2] Section 768.79(1) governs an offer of judgment, and Florida Rule of Civil Procedure 1.442 governs proposals for settlement.

2

by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004).

But there's no waiver when a defendant litigates before the basis for removal exists. *See Baumann v. Circle K Stores, Inc.* No. 2:20-cv-173-FtM-29MRM, 2020 WL 10058188, at *3-4 (M.D. Fla. May 11, 2020) (finding the defendant's serving discovery requests and moving to dismiss did not constitute waiver because the basis for removal had yet to exist); *Bechtelheimer v. Cont'l Airlines, Inc.,* 755 F. Supp. 2d 1211, 1214 (M.D. Fla. 2010) (no waiver when the defendant conducted discovery and filed an answer in state court before removal was available); *Cruz v. Lowe's Home Centers, Inc.,* No. 8:09-cv-1030-T-30MAP, 2009 WL 2180489, *3 (M.D. Fla. July 21, 2009) ("Defendant did not waive its right to remove the State Court Action when it participated in discovery and the case management conference, because the right to remove was not yet available to Defendant.").

Plaintiffs argue this case became removable on November 17, when it dropped the non-diverse defendant. At that point, they maintain Defendant knew the amount in controversy exceeded $75,000 because of the pre-suit Civil Remedy Notice of Insurer Violation ("CRN") said they were seeking the policy limits, Defendant's early settlement offers, and the Amended Complaint

3

attaching the insurance policy with limits well over the jurisdictional minimum. So, when Defendant served "significant discovery" and proposals for settlement rather than remove, Plaintiffs argue it engaged in a "substantial defensive action" to resolve the matter in state court and waived its right to removal. (Doc. 13 at 3-4, 6). The Court disagrees.

The amount in controversy was not facially apparent from the Amended Complaint. It alleged the $50,000 minimum threshold damages for state court, along with other generic damages allegations. Although the Amended Complaint attached the insurance policy, the pleading says nothing about Plaintiffs seeking the policy limits (or any other amount). Instead, Plaintiffs point to their pre-suit CRN to say Defendant knew they sought the policy limits. But a defendant's pre-litigation knowledge is not enough. Rather, a defendant must rely on the pleadings, or some later filed paper, to indicate a case is removable. *See POB Invs., LLC v. Frontline Ins. Unlimited Co.*, No. 6:20-CV-2238-PGB-DCI, 2021 WL 5284302, at *2 (M.D. Fla. May 3, 2021) ("[P]re-suit correspondence, regardless of its reliability, cannot trigger the running of the thirty-day removal clock."); *Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins.*, No. 6:09-cv-1711, 2009 WL 4855700, at *3 (M.D. Fla. Dec. 10, 2009) ("By [§ 1446(b)'s] plain terms . . . the defendant must receive the 'other paper' only after it receives the initial pleading."). Defendant thus had no basis for removal when it served Plaintiffs with the discovery requests

4

and proposals of settlement.  The basis came later in early December when Plaintiffs responded to the discovery requests about their damages, injuries, and medical expenses.  That is when Defendant received the "other paper" to know the amount in controversy was satisfied to trigger removal.  Because Defendant served discovery requests and the proposals for settlement before it knew the amount in controversy to be satisfied, Defendant did not waive its right to remove.  *See Rola v. Wal-Mart Stores, Inc.*, No. 6:11-CV-468-ORL-28, 2011 WL 3156672, at *10 (M.D. Fla. June 29, 2011), *report and recommendation adopted,* No. 6:11-CV-468-ORL-28, 2011 WL 3111965 (M.D. Fla. July 26, 2011) (finding the defendant's service of the proposal did not waive its right to remove because when the settlement proposal was filed in state court, there is no showing that a basis for removal was present); *Del Rio v. Scottsdale Ins. Co.*, No. 6:05-cv-1429-ORL-19JGG, 2005 WL 3093434, at *3 (M.D. Fla. Nov. 18, 2005) ("Defendant was clearly permitted under the case law of the Eleventh Circuit Court of Appeals to file an answer in state court, serve requests for interrogatories, and then, after receiving Plaintiff's responses, determine whether the case was removable.  Such actions do not waive a defendant's right to remove by litigating in state court." (citations omitted).

Plaintiffs also point to Defendant's proposals for settlement.  But, at best, they only show Defendant's efforts to resolve the case outside judicial

5

intervention. Although Defendant used a state court procedure to serve the proposals of settlement, it was not seeking any ruling on the merits from the state court. *See Yusefzadeh*, 365 F.3d at 1246 ("Waiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court[.]" (citation omitted)).

At bottom, Defendant took no substantial offensive or defensive action in the state court action indicating a willingness to litigate there before its right to remove was triggered. Defendant thus did not waive its right to removal.

Accordingly, it is

**ORDERED:**

Plaintiffs Nancy and Kevin Hyde's Amended Motion to Remand (Doc. 13) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on February 14, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of record